UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LINDSEY INGELS<br>　　PLAINTIFF<br>v<br><br>LOWCOUNTRY REFRIGERATION LLC, and<br>THOMAS EVAN BUSSEY JR.<br>DEFENDANTS | )<br>)<br>)<br>)<br>) Case No. 2:25-cv-01598-BHH<br>)<br>) Jury Trial Demanded<br>) |

COMPLAINT

Come now Plaintiff LINDSEY INGELS complaining of Defendants above named, and shows unto the Court as follows:

**PARTIES**

1. Plaintiff LINDSEY INGELS ("Plaintiff") is a citizen and resident of South Carolina, formerly employed by Defendants at their offices located at 3710 Humbert Rd, Johns Island SC 29455, and is a covered employee entitled to the protections of the Fair Labor Standards Act.

2. Defendant LOWCOUNTRY REFRIGERATION LLC is a South Carolina Limited Liability Company with its s principal office located at 3710 Humbert Rd, Johns Island SC 29455, from which it employed Plaintiff.

3. Defendant THOMAS EVAN BUSSEY JR, Owner / Operator and President of LOWCOUNTRY REFRIGERATION LLC, is a citizen and resident of South Carolina, upon information and belief residing at 3680 Humbert Rd, Johns Island, SC 29455.

**JURISDICTION**

4. Jurisdiction over Defendants is proper insofar as the actions complained of herein occurred, in whole or in part, in South Carolina. while Defendant, and each of them, was present in South Carolina and/or conducting business in South Carolina in person, by or through their agent(s)

1

and the agent(s) of their company, by telephone, by mail, and/or by internet.

5. The Court has federal question jurisdiction of this action insofar as this action includes claims arising under the Fair Labor Standards Act 29 USC §201 et seq.

## FACTS

6. Plaintiff Lindsey Ingels was employed by Defendants from on or about 2013 through on or about the end of June, 2024, including as office manager and secretary, and performing duties including interstate communications such as handling the mail, answering the telephone, using the internet, paying bills, handling payroll and coordinating same through ADP.

7. At all relevant times hereto, Defendant Thomas Evan Bussey Jr. was acting in his individual capacity as well as in his capacity as owner, operator, president, and agent of Defendant Lowcountry Refrigeration LLC, directing Plaintiff's work in her employment for Defendants, and making decisions concerning her compensation.

8. Defendants agreed to compensate Plaintiff at a salary rate of $500 per week, as shown on the ADP earnings statements provided to her.

9. On or about 2023, Defendants agreed as further compensation for her continued employment and services, and so that she would be able to reside there near her employment, that Defendants would give her the 3676 Humbert Rd mobile home residence that Defendants had gotten from Defendant Thomas Evan Bussey's aunt's mother, specifically one 1995 Fleetwood Weston GAFLS75A24185WE21 mobile home.

10. Upon information and belief, the said mobile home is affixed to the real property with address 3676 Humbert Rd, Johns Island SC 29455, was affixed thereto specifically for the purpose of giving the said 3676 Humbert Rd mobile home residence to Plaintiff, and has been taxed as real property with address 3676 Humbert Rd, Johns Island SC 29455.

11. In reasonable reliance upon Defendants' aforesaid promises regarding her salary and regarding giving her ownership of the 3676 Humbert Rd residence, on or about 2023 Plaintiff left her previous residence, moved into, and commenced residence at 3676 Humbert Rd, Johns Island SC 29455 and continued to work for Defendants despite not being paid her regular salary in the lawfully prescribed manner.

12. During 2024 despite her promised salary compensation, however, Defendants failed to properly pay Plaintiff in the lawfully prescribed manner of "lawful United States money or by negotiable warrant or check" as required by SC Code §41-10-40, but instead by causing to be delivered to her a series of bad checks which were non-negotiable due to insufficient funds in Defendants' bank account to cover said bad checks.

13. During various times from 2020 through 2023, Defendants similarly failed to properly pay Plaintiff her promised compensation by either failing completely to deliver to her payroll checks for certain weeks and/or by instead causing to be delivered to her a series of bad checks which were non-negotiable due to insufficient funds in Defendants' bank account to cover said bad checks.

14. On or about the end of June, 2024, Plaintiff returned from her vacation to her job and to her 3676 Humbert Rd residence, but was advised by Defendants on or about Monday July 1, 2024 that she was fired from her job.

15. Thereafter Defendants caused Plaintiff to be sent letters of eviction from her home and residence at 3676 Humbert Rd, Johns Island SC 29455, and because Defendants had reneged on the promise to give her the 3676 Humbert Rd mobile home residence (which now appears not even to completely be in either Defendants' name), Plaintiff felt she had no recourse other than to move out and find new accommodation.

16. During 2020, Plaintiff worked 52 weeks and should have been paid $26,000 at the promised weekly salary of $500; however, Defendants provided her a w-2 form admitting that she had been paid only $4000, such that Defendants breached the employment contract between the parties in the amount of a $22,000 shortfall for 2020.

17. During 2021, Plaintiff worked 52 weeks and should have been paid $26,000 at the promised weekly salary of $500; however, Defendants paid her only 14 weekly checks of $500 gross totaling only $7000, such that Defendants breached the employment contract between the parties in the amount of a $19,000 shortfall for 2021.

18. During 2022, Plaintiff worked 52 weeks and should have been paid $26,000 at the promised weekly salary of $500; however, Defendants provided her a false w-2 form claiming that she had been paid $24,500, but in fact Plaintiff has uncashed payroll checks totaling $14,000 gross which were non-negotiable due to insufficient funds in the account, such that Defendants breached the employment contract between the parties in the amount of a $14,000 shortfall for 2022.

19. During 2023, Plaintiff worked 52 weeks and should have been paid $26,000 at the promised weekly salary of $500; however, Defendants provided her a w-2 form admitting that she had been paid only $10,000, because in fact the payroll company was advised to stop cutting her non-negotiable checks because doing so caused false tax liability to show up against her account for each subsequent non-negotiable payroll check for which she was not actually paid because the checks could not be cashed, even though the w-2 information was reported as if she had actually received payment for those non-negotiable checks, such that Defendants breached the employment contract between the parties in the amount of a $16,000 shortfall for 2023.

20. During 2024, Plaintiff worked 26 weeks from January 1 through June 30, and should have been paid $13,000 at the promised weekly salary of $500; however, Defendants paid Plaintiff only 2 negotiable checks for a total paid of $1,000, such that Defendants breached the employment contract between the parties in the amount of a $12,000 shortfall for 2024, plus the value of the mobile home of which the title was promised to her but not transferred to her.

21. The actions of Defendants complained of herein have caused damages to Plaintiff in the form of unpaid compensation in the aforesaid amounts of $22,000 for 2020, $19,000 for 2021, $14,000 for 2022, $16,000 for 2023, and $12,000 for 2024, altogether totaling $83,000 in promised but unpaid salary compensation.

22. On many and various weeks during 2020 through 2024, Plaintiff worked for Defendants in excess of 40 hours per week, but Defendants never paid Plaintiff the required overtime premium.

23. During 2020 through 2024, Defendants failed to keep any record of Plaintiff's hours worked as required by the Fair Labor Standards Act.

24. The foregoing history and pattern of non-payment of compensation was undertaken by Defendants despite their knowledge that the law requires payment of compensation to employees thus showing that Defendants' repeated violation of the law was willful and was the result of reckless disregard for the law.

25. Despite demand, Defendants have failed and refused to pay Plaintiff her earned but unpaid salary compensation.

**Count I – FLSA Violations**

26. The allegations of Paragraphs 1-8, 12-14, and 16-25 above are re-alleged as if fully set forth in this Count I.

27. Defendants failed to pay Plaintiff the required minimum wage, failed to pay Plaintiff the required overtime premium, and failed to keep the required records of hours worked.

28. Defendants' history and pattern of repeated non-payment of compensation despite knowledge that the law requires payment of minimum wage and overtime premium compensation to employees was willful and was the result of reckless disregard for the law such that Plaintiff is entitled to an award of FLSA liquidated damages.

29. Defendants' violations of Plaintiff's rights under the FLSA entitles Plaintiff to an award of attorneys fees and the expenses of litigation.

**Count II – Violations of South Carolina Payment of Wages Act**

30. The allegations of Paragraphs 1-8, 12-14, and 16-25 above are re-alleged as if fully set forth in this Count II.

31. Defendant Lowcountry Refrigeration LLC and Defendant Thomas Evan Bussey Jr, were each Plaintiff's "Employer" under SC Code § 41-10-10(1).

32. Despite their obligations as Plaintiff's Employer, Defendants failed and refuse to pay Plaintiff the agreed compensation to which Plaintiff was entitled in compensation for her employment with Defendants as required by SC Code § 41-10-40.

33. Despite their obligations as Plaintiff's Employer, when Defendants fired Plaintiff, Defendants failed and refuse to pay Plaintiff her unpaid compensation within 48 hours of the time of separation or the next regular payday which may not exceed 30 days as required by SC Code § 41-10-50.

34. Because of Defendants' failure to pay Plaintiff as required by §§41-10-40, and 41-10-50 of the SC Payment of Wages Act, either during Plaintiff's employment or within 30 days after Plaintiff's separation from employment with Defendants, Plaintiff is entitled to recover from Defendants treble damages in "an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney fees." SC Code § 41-10-80(C).

## Count III – Breach of Contract

35. The allegations of Paragraphs 1-21, and 25 above are re-alleged as if fully set forth in this Count III.

36. The parties Plaintiff and Defendants entered a contract for employment and compensation therefore as set forth in ¶¶6, 8, and 9 above.

37. The Defendants failed and refused to compensate Plaintiff as agreed in the employment contract.

38. Defendants' breach of the parties' employment contract caused damages to Plaintiff including lost pay and failure to be transferred ownership of the promised 3676 Humbert Rd residence as set forth in ¶¶15-20 above.

39. Defendants' breach of the parties' employment contract caused damages to Plaintiff in the amount of $83,000 plus failure to be transferred ownership of the promised 3676 Humbert Rd residence.

## Count IV – Breach of Contract Accompanied by Fraudulent Act[1]

40. The allegations of Paragraphs 1-21, and 25 above are re-alleged as if fully set forth in this Count IV.

41. The three elements for a claim for Breach of Contract Accompanied by a Fraudulent Act are (1) a breach of contract, (2) fraudulent intent relating to the breaching of the contract and not

merely to its making, and (3) a fraudulent act accompanying the breach. *Connor v City of Forest Acres* 560 SE2d 606, 348 SC 454, 465-466 (2002). The fraudulent act is "*any act characterized by dishonesty in fact or unfair dealing*." *Id.*[1]

42. There has been a breach of contract as set forth in Count III above.

43. Defendants, and each of them, engaged in and exhibited fraudulent intent in their actions and communications to Plaintiff set forth in ¶¶12-15 and 18 above.

44. Defendant's fraudulent intent and actions caused damages to Plaintiff in the amount of $83,000 plus failure to be transferred ownership of the promised 3676 Humbert Rd residence.

45. The actions of the Defendant in committing their breach of contract accompanied by their fraudulent acts were intentional and willful and designed to cause harm to Plaintiff.

46. The intentional and willful actions of the Defendant support an award of punitive damages against them in order to deter such misconduct in the future.

### Count V – Promissory Estoppel

47. The allegations of Paragraphs 1-21, and 25 above are re-alleged as if fully set forth in this Count V.

48. The promises of Defendants to compensate Plaintiff for employment by payment of a weekly salary of $500 plus transfer to her of ownership of the promised 3676 Humbert Rd residence

---

[1] *Ball v Canadian American Express Company Inc.*, 442 SE2d 620 at 622-623, 314 SC 272 (1994) ("Breach of contract accompanied by a fraudulent act is *not simply a combination of a claim for breach of contract and a claim for fraud.* The action for breach of contract accompanied by a fraudulent act is *not based on the same elements as an action for fraud* (deceit). *** Breach of contract accompanied by a fraudulent act is *different*. It requires proof of fraudulent intent relating to the breaching of the contract and not merely to its making. *** Such proof *may or may not involve false representations*. (the fraudulent act is any act characterized by dishonesty in fact, unfair dealing, or the unlawful appropriation of another's property by design). (emphasis supplied).

gives rise to Plaintiff's equitable right to enforcement of Defendants' promises under the doctrine of promissory estoppel.

49. The promises of Defendants to compensate Plaintiff for employment by payment of a weekly salary of $500 plus transfer to her of ownership of the promised 3676 Humbert Rd residence are promises with definite and unambiguous terms.

50. Plaintiff's reliance upon said promises was reasonable and foreseeable especially considering that on many occasions Plaintiff did in fact receive her weekly salary and Plaintiff was permitted to move into and for a time was permitted to reside in the mobile home.

51. The injury and damages sustained by Plaintiff in the foregoing amounts of unpaid salary compensation plus failure to be transferred ownership of the promised 3676 Humbert Rd residence together with loss of a place to reside is the direct and proximate result of Defendants' failure to keep their promises set forth herein.

### Count VI – Quantum Meruit and Unjust Enrichment

52. The allegations of Paragraphs 1-21, and 25 above are re-alleged as if fully set forth in this Count VI.

53. To the extent Defendants oppose Plaintiff's recovery for breach of contract as set forth in Count III, and/or in the alternative, Plaintiff seeks recovery from Defendants under the quasi-contract doctrine of quantum meruit in order to remedy unjust enrichment.

54. The promises of Defendants to compensate Plaintiff for employment by payment of a weekly salary of $500 plus transfer to her of the title of the mobile home coupled with Defendants' failure to keep those promises gives rise to Plaintiff's equitable right to recovery from Defendants under the quasi-contract doctrine of quantum meruit in order to remedy unjust

enrichment to Defendants obtained by Defendants as a result of their misconduct in failing to follow through on their promises to Plaintiff.

55. By Plaintiff's actions in working for and continuing to work for Defendants, Plaintiff conferred a valuable benefit on Defendants, from which Defendants realized substantial benefit in the amount of $83,000 plus ownership of the promised 3676 Humbert Rd residence.

56. For Defendants to retain the benefit of the Plaintiff's work for Defendants as well as to retain possession of the said mobile home, is unjust enrichment to Defendants at Plaintiff's expense, for which Plaintiff is entitled to an equitable remedy in the amount of $83,000 plus transfer to her of ownership of the promised 3676 Humbert Rd residence.

**WHEREFORE**, having pled her Complaint against Defendants, Plaintiff LINDSEY INGELS requests trial by jury and entry of judgment against Defendants including:

a) Treble damages in the amount of $249,000 plus three times the value of the aforesaid mobile home from the Defendants pursuant to the South Carolina Payment of Wages Act. SC Code § 41-10-80(C);

b) Actual damages for breach of contract by Defendants in the amount of $83,000 plus transfer to Plaintiff of ownership of the promised 3676 Humbert Rd residence mobile home;

c) Actual damages for breach of contract accompanied by a fraudulent act in the amount of $83,000 plus transfer to Plaintiff of ownership of the promised 3676 Humbert Rd residence mobile home plus punitive and exemplary damages as set forth below;

d) Actual damages for promissory estoppel in the amount of $83,000 plus transfer to Plaintiff of ownership of the promised 3676 Humbert Rd residence mobile home;

e) Actual damages for quantum meruit and unjust enrichment in the amount of $83,000 plus transfer to Plaintiff of ownership of the promised 3676 Humbert Rd residence mobile home;

f) Pre-judgment interest; which at 8.75% per annum continues to accrue at the rate of $7,262.50 per annum;

g) Post-judgment interest;

h) Punitive and exemplary damages against Defendants in the amounts as determined by the jury having been apprised of the facts of the case;

i) Attorney's fees and expenses of litigation;

j) Such other and further relief as the Court deems just and proper.

Respectfully submitted:

                Query Sautter & Urichio, LLC
                /s/ O. Grady Query
                O. Grady Query, Esquire
                gquery@qlawsc.com
                147 Wappoo Creek Drive, Suite 202
                Charleston, South Carolina 29412
                Telephone    843.795.9500
                Facsimile    843.762.1500

                /s/ Walter J. Kruger III
                Walter J. Kruger III
                SC Bar Fed 02399
                *kruger.3@gmail.com*
                LAW OFFICES of WALTER KRUGER
                616 Ridgecrest Rd NE
                Atlanta, Georgia 30307
                770-842-9053

                Attorneys for Plaintiff

Dated: March 11, 2025
Charleston, South Carolina